UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RENO ANTHONY WOODARD, | CASE NO. 1:09 CV 727 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| BENNIE KELLY, | AND ORDER |
| Respondent. | |

On March 31, 2009, petitioner pro se Reno Anthony Woodard filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Woodard is incarcerated in an Ohio penal institution, having been convicted in January 2004, pursuant to a guilty plea, of aggravated murder and rape. For the reasons stated below, the petition is denied and this action is dismissed.

The petition reflects that Woodard filed a Motion for Delayed Appeal to the Ohio Supreme Court in 2008, which was denied. Although the petition is silent concerning the reason the motion was denied, this court must assume the denial was for failure to make the requisite showing of adequate reasons for the delay or for otherwise not complying with Ohio Sup.Ct. R. II(2)(A)(4)(a). See, Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996). Thus,

Woodard was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. <u>Riggins v. McMackin</u>, 935 F.2d 790, 793 (6th Cir. 1991)(citing <u>Murray v Carrier</u>, 477 U.S. 478, 488 (1986)); <u>see also</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition.

Further, even absent Woodard's procedural default, his petition is patently untimely under 28 U.S.C. § 2244(d)(1), which places a one year limit to file a habeas action after the conviction becomes final. His 2008 Motion for Delayed Appeal - presumably unavailing because of its untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action. <u>Searcy v. Carter</u>, 246 F.3d 515 (2001). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition would have to be be dismissed as time-barred in any event.[1]

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254

---

[1] This court is aware of <u>Day v. McDonough</u>, 126 S.Ct. 1675, 1684 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition is patently untimely.

Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*Donald C. Nugent 6/11/09*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE